IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tonia Windham,  )<br>Wendy VanHorn Shaffer, Esther  )<br>Rachel Miller, and Debra Ann  )<br>Underwood,  )<br>  )<br>  )<br>Plaintiffs,  )<br>  )<br>v.  )<br>  )<br>Medical University of South Carolina,  )<br>  )<br>  )<br>Defendant.  )<br>  ) | Civil Action No. 2:19-1306-RMG<br><br><br><br>**ORDER AND OPINION** |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 70), recommending the Court grant Defendant's motion for summary judgment. (Dkt. No. 47). For the reasons stated below, the Court adopts the R & R as the Order of the Court to grant Defendant's motion for summary judgment and dismiss all of Plaintiff Windham's claims.

**I.     Background**

This lawsuit involves four Plaintiffs: (a) Wendy VanHorn Shaffer ("Plaintiff Shaffer"); (b) Esther Rachel Miller ("Plaintiff Miller"); (c) Tonia Windham ("Plaintiff Windham"); and (d) Debra Ann Underwood ("Plaintiff Underwood"). Plaintiffs bring individual claims for hostile work environment, sex discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") against Defendant Medical University of South Carolina[1]

---

[1] Plaintiff Dorothy Simmons was dismissed from this litigation on December 10, 2019. (Dkt. No. 12).

Plaintiff Windham began working for Defendant in the Public Safety Department in 1992. (Dkt. No. 56-1 at 2). Plaintiff contends she was planning to retire in 2020 so that she would receive full state retirement benefits with social security but retired on June 30, 2018. (*Id.*). Plaintiff alleges Kevin Kerley ("Chief Kerley"), her supervisor, pressured her to retire early due to her age. (Dkt. Nos. 1 at 7, 20; 56 at 4-5). Plaintiff alleges she lost thousands of dollars in state retirement benefits and social security benefits for retiring early. (Dkt. Nos. 1 at 7; 56-1). Plaintiff alleges Chief Kerley engaged in a pattern and practice of unlawful discrimination on the basis of sex. (Dkt. No. 1 at 18). Plaintiff alleges Chief Kerley did not show her the respect he showed male employees. (*Id.* at 7; Dkt. No. 56 at 5). Plaintiff alleges he made it difficult for her to use her accrued leave time. (Dkt. Nos. 1 at 6; 56 at 6).

Defendant filed a motion for summary judgment as to Plaintiff Windham. (Dkt. No. 47). Plaintiff filed a response in opposition. (Dkt. No. 56). Defendant filed a reply. (Dkt. No. 61). The Magistrate Judge issued an R & R, recommending the Court dismiss all of Plaintiff Windham's claims on summary judgment. (Dkt. No. 70). Plaintiff filed objections to the R & R. (Dkt. No. 76). Defendant filed a response in opposition to Plaintiff's objections. (Dkt. No. 82). The matter is ripe for the Court's review.

## II.     Legal Standard

### A.  Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* quoting First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th

Cir. 2005) (internal quotation omitted). Plaintiff has filed objections, and the R & R is reviewed *de novo*.

### III. Discussion

#### A. Hostile Work Environment in Violation of Title VII

Upon a careful review of the record and the parties' respective briefing, the Court finds the Magistrate Judge comprehensively analyzed Plaintiff Windham's hostile work environment claim and correctly concluded Plaintiff Windham fails to establish a prima facie case.

A hostile work environment exists when "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 272 (4th Cir. 2015). To prevail on a hostile work environment claim, a Plaintiff must show there was: (1) unwelcome conduct; (2) based on a protected characteristic; (3) which was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive work environment; and (4) which is imputable to the employer. *Id.* at 277. In presenting evidence of a hostile work environment, Plaintiff must establish that the environment was "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and that [the plaintiff] in fact did perceive to be so. *Fudge v. Sentinel Office Payroll Corp.*, No. 2-13-cv-1840-CWH, 2015 WL 5682639, at * 9-10 (D.S.C. Sept. 25, 2015) (referencing *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)).

When analyzing whether the purported conduct was sufficiently severe or pervasive to establish a hostile work environment, the Court must examine the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes

with Plaintiff's work performance." *Fudge*, 2015 WL 5682639, at * 10 (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).  Incidents that would "objectively give rise to bruised or wounded feelings" do not, without more, satisfy the severe and pervasive standard. *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008).

Plaintiff Windham alleges Defendant created a hostile work environment based on sex. (Dkt. No. 1 at 18).  Plaintiff Windham alleges Chief Kerley raised his voice at her; lectured her; criticized her work; misused the chain of command; made comments to her about spending time with her grandchildren and "enjoying a slower pace of life"; told her that he intended to ask for her retirement papers; and made it difficult for her to use her accrued leave time. (Dkt. Nos. 1 at 6-9; 47-3 at 12; 56 at 3-6, 15-20).

Plaintiff Windham points to two incidents to support her claim.  First, she testified Chief Kerley disagreed with her in morning meetings, refused to discuss her points, raised his voice, and became belligerent. (Dkt. No. 47-3 at 12).  Second, Plaintiff Windham testified that in March of 2017, Chief Kerley scheduled a one-on-one meeting with Plaintiff Windham and asked her for retirement papers and that he had a problem with her management style. (*Id.* at 4-5).  She testified he criticized her for taking time off. (*Id.*).  Plaintiff Windham does not point to any other incidents to support her hostile environment claim, but testified she got a "general feeling" and "vibe" from Chief Kerley. (*Id.* at 8).    Based on this record, the Magistrate Judge found that Plaintiff Windham's hostile work environment claim does not rise to the severe and pervasive standard. (Dkt. No. 70 at 4-9).[2]

---

[2] Plaintiff Windham objects to the Magistrate Judge's finding and argues she "perceived the environment to be hostile and abusive" to meet the objectivity requirement of a hostile work environment claim.  (Dkt. No. 76 at 5).  She states that she testified to experiencing derogatory, harassing, comments her male counterparts were not subject to, being verbally abused, attacked, and belittled by male employees. (*Id.*) (citing Dkt. Nos. 1 at 6-9;47-3 at 12; 56 at 3-6, 12, 15-20).

5

The Fourth Circuit has consistently held that rude treatment and perceived unwarranted criticism that exists on the record is not so "severe and pervasive" as to create a hostile work environment claim." *Bouknight v. S.C. Dep't of Corr.*, 487 F. Supp. 3d 449, 475 (D.S.C. 2020). The Court adopts the finding of the Magistrate Judge that Plaintiff Windham fails to present evidence to overcome summary judgment and establish she suffered conduct that was severe and pervasive to constitute a hostile work environment claim. Defendant's motion for summary judgment as to Plaintiff Windham's hostile work environment claim is granted.

### B. Discrimination in Violation of Title VII and ADEA

---

She also cites the Affidavit of Ernie Brown and the testimony of Plaintiff's Shaffer and Miller to bolster her argument. The 'severe or pervasive' element has both subjective and objective components." *Mosby-Grant v. City of Hagerstown*, 630 F. 3d 326, 336 (4th Cir. 2010). The objective part helps the courts to "police the baseline for hostile work environment claims." *See Jennings v. University of N.C.,* 444 F.3d 255, 270 (4th Cir. 2006). Plaintiff Windham's perception that Defendant's conduct created a hostile work environment does not create an issue of material fact as to whether the conduct complained of created an objectively hostile work environment. This objection is without merit.

Plaintiff objects to the R & R on the ground the Magistrate Judge failed to consider the following items in the record: (1) the testimony of the co-Plaintiffs, (2) the Psychological Report prepared by Dr. Matthew E. Gaskins (Dkt. No. 56-6), and (3) the Affidavit of Lieutenant Ernie Brown, a former colleague, (Dkt. No. 56-5) as support for Plaintiff Windham's claims. Dr. Gaskins' psychological report restates the allegations of Plaintiff's hostile work environment claim and how the work environment affected Plaintiff. It does not create an issue of fact as to whether the subject conduct was objectively severe and pervasive. Mr. Brown's Affidavit generically states he has "seen discrimination and hostility in the treatment of female employees and favoritism for male employees in their treatment, promotions, and training." (Dkt. No. 56-5). He does not testify about the nature of the discrimination and hostility. *Evans v. Techs. Applications & Serv. Co.*, 80 F.3d 954, 962 (4th Cir. 1996) ("[S]ummary judgment affidavits cannot be conclusory."). The Affidavit does not include specific references to Plaintiff Windham. Thus, Mr. Brown's Affidavit creates no issue of material fact as to Plaintiff Windham's claims. In the objections, Plaintiff Windham generally states that Defendant engaged in a pattern and practice of unlawful sex discrimination and references the co-Plaintiff's testimony. Plaintiff may not rely on the testimony of her co-Plaintiffs to bolster her individual claim Defendant engaged in sex discrimination and created a hostile work environment. A private plaintiff cannot maintain a Title VII "pattern or practice" claim outside of a class action setting. *Majeed v. Columbus Cty Bd. of Educ*, 213 F.3d 631 (4th Cir. 2000). Plaintiff's objections are without merit.

Upon a careful review of the record and the parties' respective briefing, the Court finds the Magistrate Judge comprehensively analyzed Plaintiff's sex discrimination claim and age discrimination claim and correctly concluded Plaintiff's claims fail on summary judgment because Plaintiff cannot establish a prima facie case.

A Plaintiff may establish a prima face case of age discrimination by establishing: (1) she is at least 40; (2) she was performing her job to the legitimate expectations of her employer; (3) her employer took an adverse employment action against her; and (4) the adverse employment action occurred under circumstances that raise a reasonable inference of unlawful discrimination. *Wakefield-Brace v. Greenwood Sch. Dist*. 50, No. 8:16-cv-2750-MGL-KFM, 2017 WL 9286975, at * 8 (D.S.C. May 25, 2017), *adopted*, 2017 WL 2569846 (D.S.C. June 14, 2017).  A Plaintiff may show a prima face case of sex discrimination by showing: (1) membership in a protected class; (2) satisfactory work performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class, or some other evidence giving rise to an inference of unlawful discrimination. *Ferguson v. Waffle House, Inc.*, 18 F. Supp. 3d 705, 719 (D.S.C. 2014).

In this case, Plaintiff Windham cannot establish she suffered the third element, adverse action.  Plaintiff Windham alleges she was forced to retire because of Chief Kerley's discriminatory treatment.  (Dkt. No. 1 at 6-9; 56 at 4).  The Magistrate Judge construed Plaintiff Windham's allegation that she was "forced" to retire as a claim for constructive discharge.  The standard for constructive discharge comprises two elements.  First, a plaintiff must show she was discriminated against by her employers to the point a reasonable person in her position would have "felt compelled to resign" and second the Plaintiff must have actually resigned. *Green v. Brennan*, 578 U.S. 547, 555 (2016).  The intolerability standard governing a constructive discharge claim is

7

more stringent than the severe and pervasive standard for hostile work environment. *Nnadozie v. Genesis HealthCare Corporation*, 730 Fed. Appx. 151, 162 (4th Cir. 2018) (having failed to show hostile conditions for severe and pervasive a plaintiff cannot show that the conditions were intolerable). The Magistrate Judge correctly determined that because Plaintiff Windham has failed to sustain a hostile work environment claim on summary judgment, she also fails to sustain a constructive discharge claim. Defendant's motion for summary judgment is granted as to Plaintiff's claims for sex discrimination and age discrimination.

### C. Retaliation in Violation of Title VII

Upon a careful review of the record and the parties' respective briefing, the Court finds the Magistrate Judge comprehensively analyzed the issues to determine Plaintiff Windham's retaliation claim in violation of Title VII should be dismissed. Plaintiff Windham alleges Defendant retaliated against her when Chief Kerley suggested she retire in March of 2017. (Dkt. No. 56 at 10-15). She also testified she "felt like the hostile work environment was retaliation." (Dkt. No. 47-3 at 15). She does not allege any other adverse acts. (*See generally* Dkt. No. 1; Dkt. No. 56). The record reveals that Plaintiff Windham's protected activity occurred after any alleged retaliatory acts. Plaintiff Windham engaged in protected activity when she filed her charge with the EEOC in September 2018. (Dkt. Nos. 56-1). Plaintiff Windham's allegations with respect to the hostile work environment claim occurred before this date as did her March 2017 meeting with Chief Kerley. (*Id.* at 4-9). As such, there can be no causal link between Plaintiff Windham's protected conduct and Defendant's alleged retaliatory actions. The Court agrees with the determination of the Magistrate Judge that Plaintiff cannot establish a prima face case of retaliation in violation of Title VII. Defendant's motion for summary judgment is granted as to Plaintiff's Title VII retaliation claim.

### IV. Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R as the Order of the Court. (Dkt. No. 70).  Defendant's motion for summary judgment is **GRANTED**.  (Dkt. No.47). Plaintiff Windham's claims are **DISMISSED**.  (Dkt. No. 1).

**AND IT IS SO ORDERED**.

<u>s/ Richard M. Gergel</u>
Richard M. Gergel
United States District Judge

December 13, 2021
Charleston, South Carolina