**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION**

| | |
|---|---|
| Tonia Windham, Wendy VanHorn Shaffer, Esther Rachel Miller, and Debra Ann Underwood, <br><br>    Plaintiffs, <br><br>v. <br><br>Medical University of South Carolina, <br><br>    Defendant. | Civil Action No. 2:19-1306-RMG <br><br><br>**ORDER AND OPINION** |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 73), recommending the Court grant Defendant's motion for summary judgment. (Dkt. No. 50). For the reasons stated below, the Court adopts in part the R & R as the Order of the Court to grant in part, deny in part Defendant's motion for summary judgment and dismiss all of Plaintiff Wendy VanHorn Shaffer's claims except the hostile work environment claim.

**I.    Background**

This lawsuit involves four Plaintiffs: (a) Wendy Vanhorn Shaffer ("Plaintiff Shaffer"); (b) Esther Rachel Miller ("Plaintiff Miller"); (c) Tonia Windham ("Plaintiff Windham"); and (d) Debra Ann Underwood ("Plaintiff Underwood"). Plaintiffs allege individual claims for hostile work environment, sex discrimination, and retaliation in violation of Title VII of the Civil Rights

1

Act of 1964 ("Title VII") and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") against Defendant Medical University of South Carolina.[1]

Plaintiff Shaffer commenced this lawsuit on May 3, 2019 alleging claims for hostile work environment, sex discrimination, and retaliation in violation of Title VII. She alleges that she has been employed by MUSC Department of Public Safety since 2009. (*Id.* at ¶ 90). She alleges she has been experiencing discrimination and a hostile work environment on the basis of sex since 2012 and that white male co-workers make derogatory comments and innuendos about women. (*Id.* at ¶¶ 73-74).

Plaintiff Shaffer filed a Charge of Discrimination with the EEOC on July 2, 2018. (Dkt. No. 50-2). She alleges that during shooting range trainings, male officers would make derogatory comments and innuendos about the female gender. (Dkt. Nos. 1 at 11; 57 at 3). Plaintiff Shaffer alleges she was assigned to menial tasks and was deprived of training opportunities that were given to male officers. (*Id.* at ¶ 13). Plaintiff Shaffer alleges that in December of 2017, while in a meeting to discuss call-out accusations Timothy Brooder ("Brooder") was spreading about her, she was subjected to aggressive, hostile, demeaning, and verbally abusive conduct by her male colleagues present. (*Id.* at 25). Plaintiff filed an inter-departmental complaint about Brooder on December 22, 2017. (Dkt. No. 50-3). Plaintiff alleges that Brooder retaliated against her for filing the complaint against him. (Dkt. No. 57 at 6).

Plaintiff alleges Defendant has a long-standing practice that to be promoted within the department you must have a degree. (Dkt. Nos. 1 at 13-14; 57 at 6). Plaintiff alleges she went back to school, which cost her time and money. (Dkt. Nos. 1 at 13-14; 57 at 5). Plaintiff believed

---

[1] Plaintiff Dorothy Simmons was dismissed from this litigation on December 10, 2019. (Dkt. No. 12).

she would advance her career once she obtained a degree. (Dkt. Nos. 1 at 13-14; 57 at 6). Plaintiff was denied a promotion for the position of Lieutenant in the patrol division in 2018, allegedly on the basis of gender. (Dkt. No. 50-2 at ¶ 28). Plaintiff alleges that despite the long-standing practice that a candidate with a degree would be selected for a promotion, Brooder was promoted to the position without the preferred degree. (Dkt. Nos. 1 at 13-14; 57 at 6). Plaintiff alleges Defendant retaliated against her for filing two inter-departmental complaints of discrimination in December of 2017 and April 2018 prior to filing a Charge of Discrimination in July 2018. (Dkt. No. 50-3 at 1, 22).

Defendant filed a motion for summary judgment seeking to dismiss all of Plaintiff Shaffer's claims. (Dkt. No. 50). Plaintiff filed a response in opposition. (Dkt. No. 57). Defendant filed a reply. (Dkt. No. 68). The Magistrate Judge issued an R & R, recommending the Court dismiss all of Plaintiff Shaffer's claims on summary judgment. (Dkt. No. 73). Plaintiff filed objections to the R & R. (Dkt. No. 78).[2] Defendant filed a response in opposition to Plaintiff's objections. (Dkt. No. 83). The matter is ripe for the Court's review.

## II.     Legal Standard

### A.  Summary Judgment

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of

---

[2] The Court notes at the outset that Plaintiff Shaffer objects to the R & R on the ground the Magistrate Judge failed to consider the testimony of the co-Plaintiffs to support the claim Defendant engaged in a pattern and practice of unlawful sex discrimination. (Dkt. No. 78 at 2). Plaintiff may not rely on the testimony of co-Plaintiffs as the basis for her individual disparate treatment claim that Defendant engaged in sex discrimination and created a hostile work environment. A private plaintiff cannot maintain a Title VII "pattern or practice" claim outside of a class action setting. *Majeed v. Columbus Cty Bd. of Educ*, 213 F.3d 631 (4th Cir. 2000). Plaintiff's objections are without merit.

3

law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

B. **Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). In

the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Plaintiff has filed objections, and the R & R is reviewed *de novo*.

**III.   Discussion**

   **A. Hostile Work Environment in Violation of Title VII**

Upon a careful review of the record and the parties' respective briefing, the Court finds there is a question of material fact as to whether Plaintiff Shaffer sets forth conduct that is sufficiently severe or pervasive to alter the conditions of her employment to create a hostile work environment and whether the conduct is imputable to Defendant.

A hostile work environment exists when "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 272 (4th Cir. 2015). To prevail on a hostile work environment claim, a Plaintiff must show that there was: (1) unwelcome conduct; (2) based on a protected characteristic; (3) which was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive work environment; and (4) which is imputable to the employer. *Id.* at 277. In presenting evidence of a hostile work environment, a Plaintiff must establish that the environment was "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and that [the Plaintiff] in fact did perceive to be so. *Fudge v. Sentinel Office Payroll Corp.*, No. 2-13-cv-1840-CWH, 2015 WL 5682639, at * 9-10 (D.S.C. Sept. 25, 2015) (referencing *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)).

When analyzing whether the purported conduct was sufficiently severe or pervasive to establish a hostile work environment, the Court must examine the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with Plaintiff's work performance." *Fudge*, 2015 WL 5682639, at * 10 (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)). Incidents that would "objectively give rise to bruised or wounded feelings" do not, without more, satisfy the severe and pervasive standard. *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008).

Plaintiff Shaffer alleges Defendant created a hostile work environment based on sex by making gender based derogatory comments. Plaintiff Shaffer testified that her male colleagues used phrases such as "resting bitch face" or "resting bitch voice" to describe Plaintiff Shaffer on multiple occasions. (Dkt. No. 50-4 at 6, 8, 28-29). She testified some of the male officers used terms such as "PMS-ing" toward her. (*Id.* at 9-11, 18-19). Plaintiff testified this language was "frequent depending on the circumstances" and it was said more than twenty times. (*Id.* at 9). She testified that a male officer asked her if she "took her pill today" after learning that she took medication for her mental health. (*Id.* at 19).

Plaintiff Shaffer testified that during shooting practice, the male officers made comments like "you can't shoot. [You] brought enough amo today [?] How many times will it take for you to qualify?" (Dkt. No. 50-4 at: 10-17, 12-13). Plaintiff Shaffer testified her male colleagues would talk like this because she was a female and because of this, she was less capable than male counterparts on the range. (*Id*. at 12-13). Plaintiff Shaffer testified that she believed the comments were made because she was a woman because she never saw her male counterparts being treated the way she was treated. (*Id.*). She testified that the "you can't shoot" comments were said "quite

6

a few times off and on through the years." (*Id.* at 13). She testified the comments questioning whether she brought enough amo and "how many times will it take for you to qualify," were said a couple of times. (*Id.*)

Chief Kerley testified that he was aware of the derogatory gender-based comments male officers made to Plaintiff Shaffer. Chief Kerley testified he agreed telling a female employee she is "PMS-ing" and "hormonal" and using terms such as "resting bitch face" are derogatory and related to gender. He testified he was made aware that members of the staff were making those comments to Plaintiff Shaffer. (Dkt. No. 57-10 at 4-5). He testified that when he heard the news, he did not do anything about it and he was not aware of how it was handled. (*Id.*).

Considering all of the circumstances required by the Court to determine whether the conduct is sufficiently severe or pervasive, including the frequency of the discriminatory conduct and the severity of the statements, and viewing the record in a light most favorable to the non-moving party, the Court finds that there is an issue of material fact as to whether Plaintiff Shaffer has established conduct that is (1) sufficiently severe and pervasive to alter the conditions of employment and create a hostile work environment and (2) whether the alleged conduct is imputable to Defendant.

B. Discrimination in Violation of Title VII

Upon a careful review of the record and the parties' respective briefing, the Court finds the Magistrate Judge comprehensively analyzed Plaintiff's sex discrimination claim and correctly concluded Plaintiff's claim fails on summary judgment. Plaintiff Shaffer alleges she was denied the opportunity to receive driver training and a promotion to Lieutenant in March of 2018 based on her sex. (Dkt. No. 1 at ¶ 90). When a Plaintiff lacks evidence of discrimination, she must satisfy the three-step burden-shifting framework set forth in *McDonnell Douglas Corporation v. Green*,

411 U.S. 792 (1973), to prevail under a Title VII claim. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005)).

Under *McDonnell Douglas*, Plaintiff Shafer must first establish a *prima facie* case of sex discrimination. She may make a *prima facie* case by demonstrating: (1) membership in a protected class; (2) satisfactory work performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class, or some other evidence giving rise to an inference of unlawful discrimination. *Ferguson v. Waffle House, Inc.*, 18 F. Supp. 3d 705, 719 (D.S.C. 2014).

If Plaintiff Shaffer can establish a *prima facie* case of discrimination, the burden shifts to Defendant to show "a legitimate, nondiscriminatory" reason for the adverse employment action. *Ferguson*, 18 F. Supp. 3d at 719. If Defendant provides a legitimate, nondiscriminatory reason for the adverse employment action, the burden shifts to Plaintiff Shaffer to demonstrate Defendant's asserted justification is a "mere pretext for its true discriminatory motives." *Ferguson*, 18 F. Supp. 3d at 719. In order to do that, Plaintiff Shaffer must come forward with evidence showing Defendant's reason for the adverse employment action was false, and that discrimination was the real reason. *Collins v. Charleston Place, LLC*, No. 2:15-cv-4465-PMD-BM, 2017 WL 3167330, at * 2 (D.S.C. July 26, 2017), *aff'd*, 720 F. App'x 710 (4th Cir. 2018).

Denial of training is an actionable adverse employment action in limited circumstances. *Chika v. Plan Rsch. Corp.*, 179 F. Supp. 2d 575, 584-85 (D. Md. 2002). An adverse employment action must "adversely affect [] the terms, conditions, or benefits of the plaintiff's employment." *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007). Thus, to be cognizable, the adverse employment action must have a "significant detrimental effect" on the employee, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a

decision causing a significant change in benefits. *Peary v. Goss*, 365 F. Supp 2d 713, 722 (E.D. Va. 2005), *aff'd*, 180 F. App'x 476 (4th Cir. 2016); *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011).

Plaintiff Shaffer alleges Defendant discriminated against her by failing to promote and train her. (Dkt. Nos. 1 at 15-16; 57 at 3-6, 9-18). Plaintiff Shaffer argues that completing the training would have helped get her promoted. (Dkt. No. 57 at 13-14). Major Simmons testified that training "help[s] an officer in the promotion process." (Dkt. No. 57-4 at 5). The record establishes that this is not the case at Plaintiff Shaffer's level. Chief Kerley testified the training may be helpful at the Field Training Officer Level, but it is not taken into consideration when making promotion decisions for Corporals, Sergeants, and Lieutenants. (Dkt. No. 50-6 at 7). Trainings such as driver training are not listed anywhere in Defendant's promotion scoring rubric. (Dkt. No. 50-8 at 3-7). Plaintiff Shaffer testified that completing the training would not be a factor in whether she received a promotion. (Dkt. No. 50-4 at 17). The record does not otherwise indicate she would be required to participate in training to maintain her current employment or advance in the department. The Court agrees with the Magistrate Judge that Plaintiff Shaffer cannot demonstrate her inability to participate in a specific training had any "significant detrimental" effect on her employment.[3]

---

[3] Plaintiff Shaffer objects to the finding of the Magistrate Judge there is no question of material fact as to whether participation in training had a "detrimental effect on her employment." (Dkt. No. 78 at 11). Plaintiff Shaffer argues the Magistrate Judge disregards the testimony of Major Simmons that training could help an officer in the promotion process. (Dkt. No. 57-4 at 5). As the Magistrate Judge stated, the record is clarified by the testimony of Chief Kerley who states that such training may be helpful at the Field Training Officer Level, but not to the position of Lieutenant. (Dkt. No. 50-6 at 7). Driver training is not listed in Defendant's promotion scoring rubric for the position of Lieutenant. (Dkt. No. 50-8 at 3-7). The record does not demonstrate a question of material fact that denial of driver training had no significant detrimental effect on Plaintiff Shaffer's employment.

Plaintiff Shaffer contends she was unfairly denied a promotion to Lieutenant in January 2018. (Dkt. No. 1 at ¶ 90). Plaintiff Shaffer argues the position was given to Brooder and conflicted with the department's long-standing policy of requiring a degree to be promoted. (*Id.* at ¶ 14). The record reflects that Brooder was promoted to the Lieutenant position over Plaintiff Shaffer. (Dkt. No. 50-8).

Defendant argues it has an objective, non-discriminatory procedure for awarding promotions. (Dkt. No. 50-5). Candidates for promotions are reviewed by a promotion board where each candidate receives a numeric score-based on education, recent job performance evaluations, disciplinary decisions, recommendations from superiors, law enforcement experience, attendance, written test results, and oral exam results. (Dkt. Nos. 50-1 at 14-16; 50-5 at 5-15). The promotion board then makes a recommendation to Chief Kerley as to which candidate should be selected for the position. Chief Kerley testified that he accepted the board's recommendations upon consultation with Major Simmons. (Dkt. No. 50-6 at 6-7). The record reflects that Plaintiff Shaffer was not the candidate who received the top score following the board's evaluation and was not recommended as the candidate to receive the Lieutenant position. The final scoring based on all the factors are as follows: Brooder 151.5; D.W. 94.25, Shaffer: 82, D.S. 81.75, K.H. 79.75. (Dkt. No.50-8).

The Magistrate Judge found that Defendant presented a legitimate, non-discriminatory reason for selecting Brooder. The Court agrees with the finding of the Magistrate Judge that Defendant presented a legitimate, non-discriminatory reason for selecting Brooder for the Lieutenant position. Plaintiff Shaffer presents no evidence demonstrating Defendant's nondiscriminatory reason for promoting Brooder was pretextual. Defendant's motion for summary judgment as to Plaintiff Shaffer's sex discrimination claim is granted.

### C. Retaliation in Violation of Title VII

Upon a careful review of the record and the parties' respective briefing, the Court finds the Magistrate Judge comprehensively analyzed the issues to determine Plaintiff's retaliation claim in violation of Title VII should be dismissed.

The Magistrate Judge analyzed Plaintiff Shaffer's claims under the *McDonnell Douglas* pretext framework because Plaintiff Shaffer has not presented direct or circumstantial evidence of retaliation. (Dkt. No. 73 at 19). Under this framework, Plaintiff Shaffer must first make a *prima facie* showing of retaliation by proving that: (1) she engaged in a protected activity; (2) her employer took a materially adverse action against her; and (3) there was a causal link between the two events. *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 210 (4th Cir. 2019). To establish the causal connection between the protected activity and alleged retaliation, Plaintiff must establish that the decisionmaker had knowledge she engaged in the protected activity and retaliated against her because of that protected activity. *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007). If Plaintiff can establish a *prima facie* case of retaliation, the burden shifts to Defendant to rebut the presumption of retaliation by articulating a non-retaliatory reason for its actions. *Marzett v. Charleston Cty. Sch. Dist.*, No. 2:14-cv-3932-RMG-MGB, 2017 WL 1274254, at * 10 (D.S.C. Jan. 27, 2017), *adopted*, 2017 WL 589110 (D.S.C. Feb. 14, 2017), *aff'd*, 697 F. App'x 186 (4th Cir. 2017). Plaintiff then bears the ultimate burden of proving the proffered reason is pretext for unlawful retaliation. *Id.*

Plaintiff Shaffer contends that Defendant retaliated against her by: (1) giving her a written reprimand in December of 2019, and (2) making Brooder her supervisor for a period of time in 2019. (Dkt. No. 49-4 at 4, 29). In addition, Plaintiff argues Brooder retaliated against her after he received the position of Lieutenant. She contends that in March 2019, Brooder directed certain officers within the Department of Public Safety to record Plaintiff Shaffer in an effort to document

behaviors that presented Plaintiff Shaffer in a bad light. (Dkt. No. 57 at 6). She contends Brooder acted with a passive aggressive attitude and that she was informed by her peers that Brooder expressed a desire to drive her out of the Public Safety Department. (*Id.*). She contends Brooder's actions were in retaliation to the inter-departmental complaint she filed against him. (*Id.*).

Plaintiff Shaffer cannot establish causation as to any of these alleged acts. To satisfy causation Plaintiff Shaffer must (1) show that the alleged retaliation closely followed the protected activity, or (2) provide a sufficient explanation for the time elapsed between them. *Hinton v. Virginia Union Univ.*, 185 F. Supp.2d 807, 837 (E.D. Va. 2016). The Fourth Circuit has observed that in order for a temporal relationship to support a reasonable inference of retaliatory causation, the temporal relationship must be "very close." *Pascual v. Lowe's Home Ctrs., Inc.*, 193 F. App'x 229, 233 (4th Cir. 2006) (quoting *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (explaining that a three-to-four- month period is too long to establish causation)).

Plaintiff testified Brooder retaliated against her while he was her supervisor in 2019. (Dkt. Nos. 50-4 at 3-5; 57-7 at 2-3). In her opposition brief, Plaintiff Shaffer clarifies that Brooder directed officers to record her in March of 2019. (Dkt. No. 57 at 6). It is undisputed Plaintiff engaged in protected activity when she filed an intra-departmental complaint against Brooder in December 2017 and April 2018, and filed an EEOC Charge in July of 2018. (Dkt. Nos. 50-2 at 1; 50-3 at 1, 22). Brooder's retaliatory acts occurred at least eight months after Plaintiff Shaffer's protected conduct. This extended period of time is insufficient to establish causation based on temporal proximity. Plaintiff does not set forth an explanation for the time elapsed between the protected activity and the alleged retaliation to satisfy the causation requirement.

As to Plaintiff's allegations that Defendant retaliated against her by giving her a written reprimand and making Brooder her supervisor in 2019, she cannot establish a causal connection

between these acts and her protected activity. Plaintiff Shaffer received a written reprimand in December 2019. (Dkt. No. 50-9 at 1). This was more than one year after she filed her protected complaints. (Dkt. Nos. 50-2; 50-3 at 1, 22). Plaintiff Shaffer testified she was assigned to work under Brooder for a short period of time in 2019. (Dkt. No. 50-4 at 4). This was, at the very least, six months after she filed her EEOC Charge and a year after she filed an inter-departmental complaint against Brooder. (Dkt. No. 50-2 at 1: 50-3 at 1, 22). Plaintiff Shaffer cannot establish causation based on this temporal relationship. *Pascual*, 193 F. App'x at 233. Plaintiff Shaffer does not set forth an explanation for the time elapsed between the protected activity and the alleged retaliation to satisfy the causation requirement.[4]

The Court agrees with the finding of the Magistrate Judge that Plaintiff Shaffer fails to set forth a causal connection between her protected activity and Defendant's alleged retaliatory actions. Defendant's motion for summary judgment is granted as to Plaintiff Shaffer's Title VII retaliation claim.

**IV.     Conclusion**

For the reasons stated above, the Court **ADOPTS IN PART AND DECLINES TO ADOPT IN PART** the R & R as the Order of the Court. (Dkt. No. 73). The Court **DECLINES TO ADOPT** the finding of the Magistrate Judge that Plaintiff Shaffer's hostile work environment claim creates no issue of material fact as to whether the conduct was sufficiently severe and

---

[4] Plaintiff Shaffer objects to the Magistrate Judge's finding that the retaliatory actions were not materially adverse. (Dkt. No. 78 at 18-22). The objection is immaterial because Plaintiff Shaffer fails to set forth evidence demonstrating close temporal proximity between her protected activity and the alleged retaliatory acts. Plaintiff Shaffer alleges she was retaliated against because she was relegated to patrol car for close to eight hours per day. (Dkt. No. 78 at 18) (citing Dkt. No. 57-11 at 5). Plaintiff Shaffer's citation to the record in support of this statement is Dr. Gaskin's Psychological Report which states "[i]n 2015, [Plaintiff Shaffer] was on car patrol when she hurt her back requiring surgical repair." (Dkt. No. 57-11 at 5). Thus, the citation to the record falls outside the timeframe to establish temporal proximity as Plaintiff Shaffer first engaged in protected activity in December 2017. Plaintiff's objection is without merit.

pervasive so as to alter the conditions of employment and create an abusive work environment. (Dkt. No. 73, Page 9, Line 10 through Page 12, Line 10.)  The R & R is otherwise **ADOPTED**.

Defendant's motion for summary judgment is **GRANTED IN PART, DENIED IN PART**.  (Dkt. No. 50).  Defendant's motion for summary judgment is **DENIED** as to Plaintiff Shaffer's hostile work environment claim.  Defendant's motion for summary judgment is otherwise **GRANTED**.

**AND IT IS SO ORDERED**.

s/ Richard Mark Gergel
Richard M. Gergel
United States District Judge

December 22, 2021
Charleston, South Carolina