IN THE UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Tonia Windham, Wendy VanHorn Shaffer, Esther Rachel Miller, and Debra Ann Underwood, | ) ) ) ) ) ) Civil Action No. 2:19-1306-RMG |
| Plaintiffs, | ) ) |
| v. | ) **ORDER AND OPINION** |
| Medical University of South Carolina, | ) ) ) |
| Defendant. | ) ) |

This matter is before the Court upon the Report and Recommendation ("R & R") of the Magistrate Judge (Dkt. No. 71), recommending the Court grant Defendant's motion for summary judgment. (Dkt. No. 48). For the reasons stated below, the Court adopts the R & R as the Order of the Court to grant Defendant's motion for summary judgment and dismiss Plaintiff Underwood's claims.

I.    **Background**

This lawsuit involves four Plaintiffs: (a) Wendy Vanhorn Shaffer ("Plaintiff Shaffer"); (b) Esther Rachel Miller ("Plaintiff Miller"); (c) Tonia Windham ("Plaintiff Windham"); and (d) Debra Ann Underwood ("Plaintiff Underwood"). Plaintiffs allege individual claims for hostile work environment, sex discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964 ("Title VII") and age discrimination in violation of the Age Discrimination in Employment Act ("ADEA") against Defendant Medical University of South Carolina.[1]

---

[1] Plaintiff Dorothy Simmons was dismissed from this litigation on December 10, 2019. (Dkt. No. 12).

1

Plaintiff Underwood commenced this lawsuit on May 3, 2019, alleging claims for hostile work environment, sex discrimination, and retaliation in violation of Title VII, along with an age discrimination claim in violation of the ADEA. (Dkt. No. 1). Plaintiff Underwood alleges that she has worked for Defendant for over twenty-five years. (Dkt. No. 59-1 at ¶ 6). While employed by Defendant, Plaintiff was an administrative coordinator and accreditation manager. (*Id.* at ¶ 6). Plaintiff's duties consisted of maintaining Defendant's accreditation on a national, state, and local level. (*Id.*). Plaintiff alleges she was discriminated against and experienced a hostile work environment while working under Kevin Kerley ("Chief Kerley"). (Dkt. No. 59-1 at ¶ 8). Plaintiff alleges that Chief Kerley unfairly denied her pay raises and promotion opportunities on the basis of her sex and/or age. (Dkt. Nos. 1 at 17-18; 59-1 at ¶¶11-12, 25, 29). Plaintiff Underwood filed an EEOC Charge on August 14, 2018, alleging claims of hostile work environment, sex discrimination, age discrimination, and retaliation. (Dkt. No. 59-1).

Defendant filed a motion for summary judgment seeking to dismiss all of Plaintiff Underwood's claims. (Dkt. No. 48). Plaintiff filed a response in opposition. (Dkt. No. 59). Defendant filed a reply. (Dkt. No. 67). The Magistrate Judge issued an R & R recommending the Court dismiss all of Plaintiff Underwood's claims on summary judgment. (Dkt. No. 71). Plaintiff filed objections to the R & R. (Dkt. No. 77).[2] Defendant filed a response in opposition to Plaintiff's objections. (Dkt. No. 84). The matter is ripe for the Court's review.

---

[2] The Court notes at the outset that Plaintiff Underwood objects to the R & R on the ground the Magistrate Judge failed to consider the testimony of the co-Plaintiffs to support the general claim that Defendant engaged in a pattern and practice of unlawful sex discrimination and references the co-Plaintiff's docket numbers. (Dkt. No. 77 at 2) (citing Dkt. Nos. 56, 57, 58, 59). Plaintiff may not rely on the testimony of co-Plaintiffs as the basis for her individual disparate treatment claim that Defendant engaged in sex discrimination and created a hostile work environment. A private plaintiff cannot maintain a Title VII "pattern or practice" claim outside of a class action setting. *Majeed v. Columbus Cty Bd. of Educ*, 213 F.3d 631 (4th Cir. 2000). Plaintiff's objections are overruled.

II.     **Legal Standard**

   A. **Summary Judgment**

To prevail on a motion for summary judgment, the movant must demonstrate that there is no genuine issue of any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). The party seeking summary judgment has the burden of identifying the portions of the "pleadings, depositions, answers to interrogatories, any admissions on file, together with the affidavits, if any, which show there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The Court will construe all inferences and ambiguities against the movant and in favor of the non-moving party. *US. v. Diebold, Inc.*, 369 U.S. 654, 655 (1962). The existence of a mere scintilla of evidence in support of the non-moving party's position is insufficient to withstand a motion for summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986). However, an issue of material fact is genuine if the evidence is such that a reasonable jury could return a verdict in favor of the non-movant. *Id.* at 257.

"When the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "In the language of the Rule, the nonmoving party must come forward with "specific facts showing that there is a genuine issue for trial." *Id.* at 587. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no 'genuine issue for trial.'" *Id.* (quoting *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 253, 289 (1968)).

   B. **Report and Recommendation**

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with

3

this Court. *See Mathews v. Weber*, 423 U.S. 261, 270 – 71 (1976). This Court is charged with making a *de novo* determination of those portions of the Report and Recommendation to which specific objection is made. Additionally, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(l). In the absence of any specific objections, "a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (internal quotation omitted). Plaintiff has filed objections, and the R & R is reviewed *de novo*.

### III. Discussion

#### A. Hostile Work Environment in Violation of Title VII

Upon a careful review of the record and the parties' respective briefing, the Court finds the Magistrate Judge correctly determined there is no issue of material fact that Plaintiff Underwood fails to establish a *prima facie* hostile work environment claim.

A hostile work environment exists when "the workplace is permeated with discriminatory intimidation, ridicule, and insult that is sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment." *Boyer-Liberto v. Fontainebleau Corp.*, 786 F.3d 264, 272 (4th Cir. 2015). To prevail on a hostile work environment claim, a Plaintiff must show that there was: (1) unwelcome conduct; (2) based on a protected characteristic; (3) which was sufficiently severe or pervasive to alter the conditions of her employment and to create an abusive work environment; and (4) which is imputable to the employer. *Id.* at 277. In presenting evidence of a hostile work environment, a Plaintiff must establish that the environment was "both objectively and subjectively offensive, one that a reasonable person would find hostile or abusive, and that [the Plaintiff] in fact did perceive to be

4

so." *Fudge v. Sentinel Office Payroll Corp.*, No. 2-13-cv-1840-CWH, 2015 WL 5682639, at * 9-10 (D.S.C. Sept. 25, 2015) (referencing *Faragher v. City of Boca Raton*, 524 U.S. 775, 787 (1998)).

When analyzing whether the purported conduct was sufficiently severe or pervasive to establish a hostile work environment, the Court must examine the totality of the circumstances, including "the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with Plaintiff's work performance." *Fudge*, 2015 WL 5682639, at * 10 (citing *Harris v. Forklift Sys., Inc.*, 510 U.S. 17, 23 (1993)).  Incidents that would "objectively give rise to bruised or wounded feelings" do not, without more, satisfy the severe and pervasive standard. *EEOC v. Sunbelt Rentals, Inc.*, 521 F.3d 306, 315 (4th Cir. 2008).

Plaintiff Underwood alleges that Defendant created a hostile work environment based on sex.  Plaintiff Underwood testified to a "heated argument" with Lieutenant Thompson in October of 2020 where he yelled at her and was demeaning toward her. (Dkt. No. 48-2 at 8-9).  However, Plaintiff Underwood testified Lieutenant Thompson did not make anti-female or misogynistic statements and she did not have additional heated arguments with him. (*Id.* at 9).  Plaintiff Underwood clarified that Lieutenant Thompson called her "Missy" on one occasion, and there were no other times in which anyone at MUSC called her that. (*Id.* at 5, 11, 14).  In addition, Plaintiff Underwood testified Chief Kerley was dismissive and derogatory during the morning meetings that she attended. (Dkt. No. 48-2 at 11-14).  Plaintiff Underwood testified Chief Kerley did not make derogatory statements about women during those meetings, and he never said he was dismissing her opinion during those meetings because she was a woman. (*Id.* at 14).

Plaintiff Underwood testified that Lieutenant Kelly did not take her seriously, ignored her emails, and ignored her requests for accreditation materials because she was female. (Dkt. No. 48-2 at 17). Plaintiff Underwood testified this was in part because Chief Kerley said accreditation was a waste of time and money. (*Id.* 17). She testified Chief Kerley never implied his views toward accreditation were connected to the fact Plaintiff Underwood is a female. (*Id.* at 18-19).

Based on this record, the Magistrate Judge determined that Plaintiff' Underwood's hostile work environment claim is not sufficiently severe or pervasive to survive summary judgment because her claim is based on Lieutenant Kelly's failing to give her proper documentation, him making "snarky" comments, and Chief Kerley speaking in a demeaning manner. (Dkt. No. 71 at 10-11). Such conduct is insufficient to uphold a hostile work environment claim. *Bouknight v. S.C. Dep't of Corr.*, 487 F. Supp. 3d 449, 475 (D.S.C. 2020); *Combs-Burge v. Rumsfeld*, 170 F. App'x 856, 862 (4th Cir. 2006).

Upon a careful review of the record and viewing all evidence in the light most favorable to Plaintiff Underwood, the Court finds there is no issue of material fact Plaintiff Underwood fails to present evidence that is sufficiently severe or pervasive to establish a hostile work environment claim.[3] Defendant's motion for summary judgment is granted as to Plaintiff Underwood's hostile work environment claim.

---

[3] Plaintiff Underwood objects to the Magistrate Judge's finding and argues she "perceived the environment to be hostile and abusive" to meet the objectivity requirement of a hostile work environment claim. (Dkt. No. 77 at 5). She states that she testified to experiencing derogatory, harassing, comments that her male counterparts were not subject to such as being verbally abused, attacked, and belittled by male employees. (*Id.*) (citing Dkt. Nos. 1 at 16-18; 48-2 at 5-24; 48-1 at 7-23; 59 at 2-5, 15-25; 59-5 at 1). "The 'severe or pervasive' element has both subjective and objective components*." Mosby-Grant v. City of Hagerstown*, 630 F. 3d 326, 336 (4th Cir. 2010). The objective part helps the courts to "police the baseline for hostile work environment claims." *See Jennings v. University of N.C.*, 444 F.3d 255, 270 (4th Cir. 2006). Plaintiff Underwood's perception that Defendant's conduct created a hostile work environment does not create an issue

### B. Discrimination in Violation of Title VII and ADEA

Upon a careful review of the record and the parties' respective briefing, the Court finds the Magistrate Judge comprehensively analyzed Plaintiff Underwood's sex and age discrimination claims, and correctly concluded Plaintiff's discrimination claims fail on summary judgment because she cannot establish any adverse employment action.

When a Plaintiff lacks evidence of discrimination, she must satisfy the three-step burden-shifting framework set forth in *McDonnell Douglas Corporation v. Green*, 411 U.S. 792 (1973), to prevail under a discrimination claim. *See Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 318 (4th Cir. 2005)). Under *McDonnell Douglas*, Plaintiff Underwood must first establish a *prima facie* case of discrimination. Plaintiff Underwood may establish a *prima face* case of age discrimination by establishing: (1) she is at least 40; (2) she was performing her job to the legitimate expectations of her employer; (3) her employer took an adverse employment action against her; and (4) the adverse employment action occurred under circumstances that raise a reasonable inference of unlawful discrimination. *Wakefield-Brace v. Greenwood Sch. Dist*. 50, No. 8:16-cv-2750-MGL-KFM, 2017 WL 9286975, at * 8 (D.S.C. May 25, 2017), *adopted*, 2017

---

of material fact as to whether the conduct complained of created an objectively hostile work environment. This objection is overruled.

Plaintiff objects to the R & R on the ground the Magistrate Judge failed to consider the following items in the record: (1) the testimony of the co-Plaintiffs, (2) the Psychological Report prepared by Dr. Matthew E. Gaskins (Dkt. No. 59-8) and (3) the Affidavit of Lieutenant Ernie Brown, a former colleague, (Dkt. No. 59-9) as support for Plaintiff Underwood's claim. Dr. Gaskins' psychological report restates the allegations of Plaintiff's hostile work environment claim and how the work environment affected Plaintiff. It does not create an issue of fact as to whether the subject conduct was objectively severe and pervasive. Mr. Brown's Affidavit generically states he has "seen discrimination and hostility in the treatment of female employees and favoritism for male employees in their treatment, promotions, and training." (Dkt. No. 59-9 at ¶ 3). The Affidavit does not specifically reference conduct directed toward Plaintiff Underwood and creates no issue of material fact as to Plaintiff Underwood's hostile work environment claim. Plaintiff's objections are overruled.

WL 2569846 (D.S.C. June 14, 2017).  Plaintiff Underwood may show a *prima face* case of sex discrimination by showing: (1) membership in a protected class; (2) satisfactory work performance; (3) adverse employment action; and (4) different treatment from similarly situated employees outside the protected class, or some other evidence giving rise to an inference of unlawful discrimination.  *Ferguson v. Waffle House, Inc.*, 18 F. Supp. 3d 705, 719 (D.S.C. 2014).

If Plaintiff Underwood can establish a *prima facie* case of discrimination, the burden shifts to Defendant to show "a legitimate, nondiscriminatory" reason for the adverse employment action. *Ferguson*, 18 F. Supp. 3d at 719.  If Defendant provides a legitimate, nondiscriminatory reason for the adverse employment action, the burden shifts to Plaintiff Underwood to demonstrate Defendant's asserted justification is a "mere pretext for its true discriminatory motives." *Ferguson*, 18 F. Supp. 3d at 719.  In order to do that, Plaintiff Underwood must come forward with evidence showing Defendant's reason for the adverse employment action was false and that discrimination was the real reason.  *Collins v. Charleston Place, LLC*, No. 2:15-cv-4465-PMD-BM, 2017 WL 3167330, at * 2 (D.S.C. July 26, 2017), *aff'd*, 720 F. App'x 710 (4th Cir. 2018).

Not all personnel decisions constitute an adverse employment action for purposes of a disparate treatment claim.  *Hemphill v. United Parcel Serv., Inc.*, 975 F. Supp. 2d 548, 570 (D.S.C. 2013).  An adverse employment action must "adversely affect [] the terms, conditions, or benefits of the plaintiff's employment."  *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007).  Thus, to be cognizable, the adverse employment action must have a "significant detrimental effect" on the employee such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.  *Peary v. Goss*, 365 F. Supp 2d 713, 722 (E.D. Va. 2005), *aff'd*, 180 F. App'x 476 (4th Cir. 2016); *Hoyle v. Freightliner, LLC*, 650 F.3d 321, 337 (4th Cir. 2011).

The Magistrate Judge determined that Plaintiff Underwood cannot establish a *prima facie* case of discrimination because she fails to demonstrate that she suffered an adverse employment action. (Dkt. No. 71 at 14). Plaintiff Underwood argues Chief Kerley unfairly denied her a pay raise that was requested by her supervisor, Plaintiff Windham. (Dkt. Nos. 1 at 16-18; 59 at 9-15). Plaintiff Underwood argues that Chief Kerley denied Plaintiff Windham's request to give Plaintiff Underwood a 5% pay raise and told Plaintiff Windham to seek approval from Human Resources. (Dkt. No. 1 at 17). The record reflects that Plaintiff Underwood ultimately received the pay raise at issue and that Chief Kerley signed off on the raise after it was approved by Human Resources. (Dkt. No. 48-2 at 20). Plaintiff Underwood testified she was not aware of "any instance in which [she was] denied a pay raise because of [her] age or sex." (*Id.*). Plaintiff Underwood does not otherwise allege Chief Kerley's declining to approve her raise in the first instance had a detrimental effect on her employment. Thus, Plaintiff Underwood cannot establish that this constitutes an adverse employment action.

Second Plaintiff Underwood argues that Chief Kerley precluded her from applying for a Business Administration position upon Plaintiff Windham's retirement by changing the job description that made Plaintiff Underwood unqualified for the position. (Dkt. Nos. 1 at 16-18; 59 at 9-15). The complaint alleges that after Plaintiff Windham announced retirement, Plaintiff Underwood spoke to Chief Kerley about applying for the position. Plaintiff Underwood alleges Chief Kerley told her she was capable of doing the job. Plaintiff Underwood alleges that Chief Kerley approved a job posting that changed the minimum training experience from requiring a "bachelor's degree and/or relevant experience" to "bachelor's degree and relevant experience." (Dkt. No. 1 at 18). Plaintiff Underwood alleges that the change in requirements made her ineligible for the position because she does not have a bachelor's degree.

9

The record reflects that Plaintiff Underwood testified she did not know who wrote the job positing or approved the job posting so that it should include a bachelor's degree requirement. (Dkt. No. 48-2 at 21). She testified she did not speak with Chief Kerley or Human Resources after learning the degree requirement and that Chief Kerley never specifically told her there would not be a degree requirement. (*Id.* at. 21-22). Plaintiff alleges Chief Kerley's actions prevented her from applying for the promotion, but she does not provide evidence to support the contention. Although Plaintiff Underwood did not have a bachelor's degree, her speculation that she could not apply to the position is not an adverse employment action. *Dash v. Mayweather*, 731 F.3d 303, 311 (4th Cir. 2013) (stating that the "nonmoving party must rely on more than conclusory allegations, mere speculation, the building of one inference upon another, or the mere existence of a 'scintilla of evidence' to oppose summary judgment.").

Viewing the evidence in a light most favorable to the non-moving party, the Court finds there is no issue of material fact Plaintiff Underwood fails to establish *prima facie* sex and age discrimination claims on summary judgment. Defendant's motion for summary judgment is granted as to Plaintiff Underwood's sex and age discrimination claims.

### C. Retaliation in Violation of Title VII

Upon a careful review of the record and the parties' respective briefing, the Court finds the Magistrate Judge comprehensively analyzed the issues to determine Plaintiff Underwood's retaliation claim in violation of Title VII should be dismissed.

The Magistrate Judge analyzed Plaintiff Underwood's claims under the *McDonnell Douglas* pretext framework. (Dkt. No. 71 at 17). Under this framework, Plaintiff Underwood must first make a *prima facie* showing of retaliation by proving that: (1) she engaged in a protected activity; (2) her employer took a materially adverse action against her; and (3) there was a causal link between the two events. *Perkins v. Int'l Paper Co.*, 936 F.3d 196, 210 (4th Cir. 2019).

To establish aa materially adverse action with respect to a retaliation claim, "a plaintiff must show that a reasonable employee would have found the challenged action materially adverse, which in this context means it well might have dissuaded a reasonable worker from making or supporting a charge of discrimination." *Chand v. Harker*, No. 3:20-cv-01578-MGL, 2021 WL 1115912, at * 3 (D.S.C. Mar. 24, 2021).

To establish the causal connection between the protected activity and alleged retaliation, Plaintiff must establish that the decisionmaker had knowledge she engaged in the protected activity and retaliated against her because of that protected activity. *Holland v. Washington Homes, Inc.*, 487 F.3d 208, 219 (4th Cir. 2007). If Plaintiff can establish a *prima facie* case of retaliation, the burden shifts to Defendant to rebut the presumption of retaliation by articulating a non-retaliatory reason for its actions. *Marzett v. Charleston Cty. Sch. Dist.*, No. 2:14-cv-3932-RMG-MGB, 2017 WL 1274254, at * 10 (D.S.C. Jan. 27, 2017), *adopted*, 2017 WL 589110 (D.S.C. Feb. 14, 2017), *aff'd*, 697 F. App'x 186 (4th Cir. 2017). Plaintiff then bears the ultimate burden of proving the proffered reason is pretext for unlawful retaliation. *Id.*

Plaintiff Underwood engaged in protected activity when she filed her charge of discrimination with the EEOC in August of 2018. (Dkt. No. 59-1). Plaintiff Underwood testified that in retaliation for asserting her rights, Defendants "continued behavior of not-of setting me up to fail in my job." (Dkt. No. 48-2 at 24). This amounted to Lieutenant Kelly not providing her with required documents so she could complete accreditation. (Dkt. No. 59 at 27). Plaintiff Underwood testified that was the only retaliatory action taken against her. (Dkt. No. 48-2 at 24). The Magistrate Judge viewed the evidence in a light most favorable to Plaintiff and assumed that Lieutenant Kelly's failure to provide her with the documentation needed to do her job was a materially adverse act for purposes of her retaliation claim. (Dkt. No.71 at 19).

The Magistrate Judge determined that Plaintiff Underwood failed to establish a causal connection between her protected activity and Lieutenant Kelly's actions. (Dkt. No. 71 at 19). To satisfy causation, Plaintiff Underwood must (1) show that the alleged retaliation closely followed the protected activity, or (2) provide a sufficient explanation for the time elapsed between them. *Hinton v. Virginia Union Univ.*, 185 F. Supp.2d 807, 837 (E.D. Va. 2016). The Fourth Circuit has observed that in order for a temporal relationship to support a reasonable inference of retaliatory causation, the temporal relationship must be "very close." *Pascual v. Lowe's Home Ctrs., Inc.*, 193 F. App'x 229, 233 (4th Cir. 2006) (quoting *Clark Cty. Sch. Dist. v. Breeden*, 532 U.S. 268, 273 (2001) (explaining that a three-to-four- month period is too long to establish causation)).

In this case, The Magistrate Judge found that Plaintiff Underwood engaged in protected activity in August of 2018. (Dkt. No. 59-1). Lieutenant Kelly failed to provide Plaintiff Underwood with documentation in 2020. (Dkt. Nos. 48-2 at 9; 59-5 at 2-3; 67-4 at 3-4, 6). Thus, Plaintiff Underwood failed to establish causation based on this temporal relationship. *Pascual*, 193 F. App'x at 233. Plaintiff Underwood objects to the Magistrate Judge's finding that she fails to establish a sufficient causal connection between the purported protected activity and Defendant's alleged retaliatory acts to establish a *prima facie* case of retaliation. (Dkt. No. 77 at 15). In the objections to the R &R, Plaintiff argues there is an issue of material fact as to causation because Plaintiff Underwood testified that she made numerous complaints to her supervisors about Lieutenant Kelly regarding accreditation and furnishing documents to Plaintiff Underwood that the Magistrate Judge failed to consider. (Dkt. No. 59-5 at 2).

The record reflects that Plaintiff Underwood testified she complained about Lieutenant Kelly to his supervisor because Lieutenant Kelly was not providing Plaintiff Underwood with accreditation documentation or completing things that were supposed to be done related to

12

accreditation. (Dkt. No. 59-5 at 2-3). In August or September of 2020, Plaintiff went from working from home to working in the office every day. (Dkt. No. 67-4). During the timeframe after she returned to the office, Plaintiff Underwood testified that Lieutenant Kelly ignored her requests for accreditation and documents, which kept her from being able to do her job, and she made complaints to his supervisor and to her supervisor. (Dkt. Nos. 48 at 9, 17; 67-4 at 4, 6). Plaintiff does not present any documentary evidence of her complaints.

Viewing the evidence in a light most favorable to Plaintiff Underwood, the Court finds there is no issue of material fact that Plaintiff Underwood made complaints about Lieutenant Kelly in 2020, over a year after she filed her EEOC charge of discrimination. Such an extended period of time is insufficient for the court to infer a causal connection between her protected activity and Defendant's alleged retaliatory acts based on temporal proximity. Defendant's motion for summary judgment is granted as to Plaintiff Underwood's Title VII retaliation claim.

## IV.     Conclusion

For the reasons stated above, the Court **ADOPTS** the R & R as the Order of the Court. (Dkt. No. 71). Defendant's motion for summary judgment is **GRANTED.** (Dkt. No. 48).

**AND IT IS SO ORDERED**.

s/ Richard M. Gergel
Richard M. Gergel
United States District Judge

February 22, 2022
Charleston, South Carolina